UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDBERT JAMES III,<br>    Petitioner,<br>    v.<br>RALPH DIAZ,<br>    Respondent. | Case No. 19-06641 BLF (PR)<br>**ORDER GRANTING MOTION FOR STAY; GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; INSTRUCTIONS TO CLERK**<br><br>(Docket Nos. 3, 4) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. Petitioner has filed a motion for leave to proceed *in forma pauperis* ("IFP"). (Docket No. 4.) Petitioner has also filed a motion for stay and abeyance to exhaust additional claims in state court. (Docket No. 3.) For the reasons discussed below, the motion for a stay is **GRANTED**.

## BACKGROUND

According to the petition, Petitioner was found guilty by a jury in Contra Costa County Superior Court of first degree murder, attempted murder, and three counts of felony child endangerment. (Pet. Attach. at 1.) The jury also found true the personal use of a firearm allegations in connection with the first degree murder and attempted murder

counts. (*Id.*) Petitioner was sentenced on February 9, 2018, to a total of 116 years and eight months in state prison. (*Id.*) Petitioner appealed his conviction to the state appellate and high courts without success. (Pet. at 3.)

Petitioner filed the instant federal habeas action on October 16, 2019.

## DISCUSSION

### A. <u>Motion to Stay</u>

Petitioner requests a stay under *Rhines v. Webber*, 544 U.S. 269 (2005), to exhaust newly discovered claims. (Docket No. 4.) The unexhausted claims involve allegations of ineffective assistance of trial and appellate counsels, as well as cumulative error. (*Id*.)

Prisoners in state custody seeking to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state courts, *see id.*; *Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1996); or (2) no state remedy remains available, *see Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). Petitioner has clearly indicated that the petition contains newly discovered claims that have not been exhausted in the state courts. (Pet. Attach. 2.) Accordingly, the instant petition is a mixed petition.

District courts have the authority to issue stays and AEDPA does not deprive them of that authority. *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005). However, the district

2

court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. *Id.* at 277. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. *Id.* The Court finds that Petitioner has not engaged in dilatory tactics and the unexhausted claims above are potentially meritorious. Consequently, Petitioner's motion to stay this action while he exhausts all claims in the state courts will be granted.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Petitioner's request to stay the petition is **GRANTED**. (Docket No. 4.) The above-titled action is hereby **STAYED** until **twenty-eight (28) days** after the state high court's final decision on Petitioner's unexhausted claims.

2. Petitioner's motion for leave to proceed IFP is **GRANTED**. (Docket No. 3.)

3. If Petitioner intends to have this Court consider the unexhausted claims, he must have properly presented them to the Supreme Court of California, and if he has not obtained relief in state court, thereafter notify the Court **within twenty-eight (28) days** of the California Supreme Court's decision, by filing a motion to reopen this action and stating therein that all the claims in the instant federal petition have been exhausted.

4. The Clerk shall **ADMINISTRATIVELY CLOSE** the file pending the stay of this action. This has no legal effect; it is purely a statistical procedure. When Petitioner informs the Court that he has exhausted his additional claims, the case will be administratively re-opened.

3

This order terminates Docket Nos. 3 and 4.

**IT IS SO ORDERED.**

**Dated:  _January 6, 2020_**

_____
BETH LABSON FREEMAN
United States District Judge

Order Granting Stay; Inst. To Clerk
PRO-SE\BLF\HC.19\06641James_stay&ifp

4