UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDBERT JAMES III,<br>　　　　　Petitioner,<br>　　v.<br>RALPH DIAZ,<br>　　　　　Respondent. | Case No. 19-cv-06641 BLF (PR)<br>**ORDER GRANTING MOTION TO REOPEN ACTION; LIFTING STAY; TO SHOW CAUSE; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket Nos. 9, 10) |

　　　　Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. Dkt. No. 1. On January 6, 2020, the Court granted Petitioner's motion for stay to exhaust additional claims. Dkt. No. 5. Petitioner was directed to notify the Court within twenty-eight days of obtaining a copy of the California Supreme Court's decision denying him relief by filing a motion to reopen this action. Id. at 5. On July 31, 2025, Petitioner filed a motion to reopen this action, Dkt. No. 9, along with the amended petition and a copy of the state high court decision dated July 16, 2025. Dkt. No. 8 at 144. Accordingly, the motion is GRANTED. The Court will lift the stay in this matter.

///

///

# BACKGROUND

In 2017, Petitioner was found guilty by a jury in Contra Costa County Superior Court of first-degree murder, attempted murder, and child endangerment. Dkt. No. 8 at 23. With the application of a second strike and firearm enhancements, Plaintiff was sentenced to a total of 109 years to life in state prison. Id. His appeals to the state appellate and high courts were denied. Id. Petitioner also pursued additional claims in state habeas petitions, which were denied by the state high court. Id. at 3-5, 24.

Petitioner filed an amended petition, motion to reopen this action, and motion for appointment of counsel. Dkt. Nos. 8, 9, 10.

# DISCUSSION

## A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

## B. Legal Claims

In the amended petition, Petitioner raises the following grounds for federal habeas relief: (1) ineffective assistance of counsel for failure to consult with a mental health expert regarding post-traumatic stress disorder, Dkt. No. 8 at 28; (2) ineffective assistance of counsel for failure to call Petitioner's wife as a witness, id. at 45; (3) ineffective assistance of counsel for failure to call Petitioner's sister as a witness and to explain her refusal to testify to the jury, id. at 59; (4) ineffective assistance of counsel for failure to subpoena a witness, id. at 62; (5) trial court error in excluding evidence of Petitioner's prior interaction

2

with victim and ineffective assistance of appellate counsel for failing to raise this claim on appeal, id. at 70-72; (6) cumulative effect of ineffective assistance of counsel claims, id. at 77; (7) trial court error in failing to instruct the jury regarding self-defense's "objective reasonableness" standard, id. at 79; and (8) portions of child endangerment statute, Penal Code § 273a(a) should be void for vagueness and Petitioner's conviction on that count should therefore be set aside, id. at 89. Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.

### C. Motion for Appointment of Counsel

Petitioner moves for appointment of counsel due to mental health issues, lack of assistance from other inmates, and indigency. Dkt. No. 10 at 2.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court. *Id.*; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). Here, an evidentiary hearing does not appear to be necessary at this stage of the proceedings, and Petitioner's circumstances are not so exceptional to warrant appointment of counsel. Accordingly, Petitioner's request for appointment of counsel is **DENIED** without prejudice to the Court's *sua sponte* reconsideration should an evidentiary hearing be necessary to review the merits of Petitioner's claims.

### CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's motion to reopen the case is **GRANTED**. Dkt. No. 9. The stay is hereby **LIFTED**. The Clerk shall reopen the file.

2. Petitioner's motion for appointment of counsel is **DENIED**. Dkt. No. 10.

3. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the

3

following email address: SFAWTParalegals@doj.ca.gov.  The amended petition and any exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  *See* Dkt. No. 8.  The Clerk also shall serve a copy of this order on Petitioner.

   4. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

   If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

   5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

   6. It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

   This order terminates Docket Nos. 9 and 10.

**IT IS SO ORDERED.**

Dated: August 29, 2025

_____
BETH LABSON FREEMAN
United States District Judge

Order Lifting Stay and Reopening; OSC
PRO-SE\BLF\HC.19\06641James_reopen&osc